## SHAPELEIGH HARDWARE CO. v. CUSHING HARDWARE & FURNITURE CO.
### (No. 783.)

(Court of Civil Appeals of Texas. Beaumont. April 5, 1922. Rehearing Denied April 26, 1922.)

Sales ⬤≈182(1)—Whether seller's delay of 15 days in delivery, with notice of buyer's immediate need, was unreasonable delay justifying cancellation, held for jury.

Where buyer of shingles was in immediate need thereof, to complete building by certain date, and so informed seller, seller's failure to deliver to carrier until 15 days after receipt of order *held* to have warranted jury in finding that seller unreasonably delayed delivery of shingles to carrier, justifying buyer in canceling order after delivery to railroad, notwithstanding telegram received prior to cancellation, that shingles had been delivered to railroad.

Appeal from District Court, Nacogdoches County; L. D. Guinn, Judge.

Suit by the Shapeleigh Hardware Company against the Cushing Hardware & Furniture Company. Judgment for defendant, and plaintiff appeals. Affirmed.

Hodges & Greve, of Nacogdoches, for appellant.

S. M. Adams, of Nacogdoches, for appellee.

HIGHTOWER, C. J. The appellant, Shapeleigh Hardware Company, is a Missouri mercantile corporation, having its principal office in the city of St. Louis, and as plaintiff below filed this suit in the district court of Nacogdoches county, Tex., against Cushing Hardware Company and J. A. Whitley, as defendants, seeking to recover the contract price of certain articles of merchandise which had been ordered by defendants, including, among other things, 70 squares of slate shingles at the agreed price of $9.50 per square. As to all items of the account other than the shingles, there seems to have been an adjustment by the parties, and there is no contention here concerning them.

The record shows that there is really no such concern as Cushing Hardware Company, either as a corporation or partnership or otherwise, but that that name is only a trade name in which the defendant J. A. Whitley carries on his business as a merchant in the town of Cushing, in Nacogdoches county, Tex. Defendant Whitley answered by general demurrer and general denial, and then specially alleged that he agreed to purchase the slate shingles from appellant through the duly authorized agent and traveling salesman of appellant, one J. R. Alexander, and that, at the time he agreed to purchase the shingles, appellant's said agent and salesman well knew and understood that appellee was making the purchase with the understanding that there should be an immediate and prompt delivery of said shingles at Cushing, Tex., and well knew that appellee was purchasing such shingles for the public school building at Cushing, which was then nearing completion, and that no delay in the shipment of the shingles could be permitted. Appellee further alleged, substantially, that appellant was guilty of substantial delay in shipping the shingles that the same did not reach Cushing until about September 6, 1920, and that, in the meantime it became necessary for appellee to purchase such shingles from another concern, in order that the school building at Cushing might be put in shape for occupancy by the 15th of September, and that such purchase was made from another on August 23, 1920. This states, substantially, appellee's defense as to appellant's right to recover for the shingles.

The undisputed evidence in this record shows, substantially, the following facts: That, on the 22d day of July, 1920, appellant's agent and traveling salesman, one J. R. Alexander, was in the town of Cushing, Nacogdoches county, and took up with appellee negotiations for the sale and purchase of said slate shingles. Alexander showed to appellee the catalogue price of such shingles, whereupon appellee asked him if the house, meaning appellant at St. Louis, could not make a better price on the shingles. Alexander then told appellee that he would wire appellant at St. Louis at once and ascertain the best price on such shingles, and he did so. It was understood, however, between Alexander and appellee, that appellee wanted an immediate shipment of such shingles for the use of the public school building at Cushing. So, on July 22, 1920, Alexander sent to appellant at St. Louis, Mo., the following telegraphic message:

"Wire best price on seventy squares granitoid slate shingles, prefer green, can use red. Can you make prompt shipment? Houston, Texas, quote Ten Dollars per square f. o. b. Houston, Texas. Wire me at once. [Signed] J. R. Alexander, % Cushing Hardware Company."

On the following day appellant wired to its agent Alexander the following:

"J. R. Alexander, % Cushing Hardware & Furniture Co., Cushing, Texas. July 23, 1920. Granitoid slate shingles $9.50 Joliet, Ill. Can make prompt delivery. Shapeleigh Hardware Co."

Mr. Alexander left the town of Cushing on July 22, 1920, but it was understood between him and appellee that appellee should open any message coming to Alexander in care of the appellee relative to the shingles, and that, if appellee were satisfied with the terms, etc., offered by appellant, he would wire his order for same. In answer to appellant's telegram, showing the price of the

⬤≈For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes
240 S.W.—43

shingles, etc., appellee, on July 25th, sent appellant the following telegram:

"Cushing, Texas, July 25, 1920. Shapeleigh Hardware Company, St. Louis, Mo. Ship at once seventy squares granitoid slate shingles and nails required. Cushing Hardware & Furniture Co."

So far as this record shows, nothing further passed between appellant and appellee until August 19, 1920, when appellee wired to appellant the following message:

"Cushing, Texas, August 19, 1920. Shapeleigh Hardware Co., St. Louis, Mo. Trace shipment of slate shingles. Want them at once. Answer. Cushing Hardware Co."

In answer to this message, appellant wired appellee as follows:

"St. Louis, Mo., August 19, 1920. Cushing Hardware & Furniture Co. Cushing, Texas. Slate shingles shipped from factory August 10th. Shapeleigh Hardware Co."

On August 23, 1920, appellee sent to appellant the following telegram:

"Cushing, Texas, August 23, 1920. Shapeleigh Hardware Co. St. Louis, Mo. Can not use them. Can not wait. Cushing Hardware & Furniture Co."

As a matter of fact, the shingles mentioned in the foregoing telegram did not reach Cushing, Tex., until September 6, 1920, and, in the meantime, on August 23, 1920, appellee purchased from another concern the slate shingles desired. However, after receiving appellee's telegram canceling the order for the shingles and before they arrived at Cushing, appellant wrote appellee stating, substantially, that the order could not be canceled, and that they would hold him for the contract price of the shingles, etc. When the shingles did arrive at Cushing, on September 6th, appellee refused to accept them, having already purchased, as shown above, the shingles desired for the school building there, and promptly notified appellant that the shingles would not be accepted, and asked appellant for instructions as to reshipment, etc. Appellant declined to give any shipping instructions, and insisted upon appellee paying for the shingles, according to the contract price, which appellee refused, hence this suit.

The undisputed evidence in the case shows that, at the time appellee negotiated with Mr. Alexander for the shingles, he had been offered such shingles by a Houston concern for $10 per square, but had refused the Houston offer for the very reason that the concern there did not have them on hand and, in order to get them from Houston, appellee would have to wait for them to be manufactured. This was understood by Mr. Alexander at the time he talked with appellee about the purchase of these shingles, and Mr. Alexander, as before stated, knew that appellee was unwilling to wait for the manu-

facture of such shingles, because the need for them at once by the school building was urgent. The telegrams themselves clearly show that appellee wanted the shingles delivered at once, or as soon as they might be transported from Joliet, Ill., to Cushing, Tex. It is clear to us that appellee was led to believe that the shingles were then on hand and, if not in St. Louis, then at Joliet, and ready for shipment at the date of appellant's telegram on July 23, 1920, and appellant concealed from appellee the fact that the shingles would have to be manufactured.

The case was submitted to a jury on two special issues. The first was, substantially, whether appellant was guilty of unreasonable delay in delivering to the carrier for transportation the shingles, and the other was whether appellee canceled his order on account of the delay of the delivery of the shingles at Cushing. The jury answered both questions in the affirmative. Upon the verdict, judgment was rendered denying any recovery to appellant.

A disposition by us of two contentions made by appellant will practically dispose of all contentions. It is first contended that, upon the undisputed facts, the trial court should have peremptorily instructed a verdict for appellant for the contract price of the shingles, and erred in refusing such requested instruction. The next is that the jury's finding that there was unreasonable delay on the part of appellant, in delivering the shipment for transportation, is without support in the evidence and is against the great preponderance of the evidence. Both of these contentions can be disposed of by what we shall say with reference to the last.

It is insisted by appellant that the undisputed evidence shows that railroad traffic was greatly congested during June, July, and August, 1920, and had been for some time prior to that time, and that a local shipment, such as this was (less than a carload lot), required a period from three to five weeks between Joliet, Ill., and Cushing, Tex., and that, for such reason, it was demonstrated that there was no negligent delay in the shipment, and that appellee's order, not having been canceled until the shipment was actually turned over to the railroad company on August 10th, at Joliet, Ill., and the shipment having reached Cushing on September 6th, there was no basis for the jury's finding of unreasonable delay in the shipment, and the court should have instructed a verdict for appellant, or should have set aside the jury's verdict and granted a new trial.

In answer to such contentions by appellant, it will suffice to say that it was not appellee's contention that the railroad carriers were themselves guilty of negligence in handling the shipment, but his contention was that appellant was guilty of an unreasonable delay in delivering these shingles to the railroad company for carriage, and that,

in consequence of such unreasonable delay on the part of appellant itself, appellee could not wait longer than he did on such shipment, because of the urgency of the need of the public school at Cushing, and, therefore, was justified in canceling the order, notwithstanding the shipment had been delivered to the railroad carrier on August 10th. The undisputed proof shows that, although appellee's telegram ordering these shingles was received by appellant at St. Louis on July 26, 1920, the shingles were not delivered for transportation until August 10th following. It may be true, and doubtless is, that appellant, in order to make the sale, had to have the shingles manufactured at Joliet, Ill., but it did not inform appellee of this fact, and, 'as we have stated above, it is clear to us that appellee was led to believe that the shingles could be delivered for shipment immediately upon receipt of his telegraphic order. We have not been favored with any authority in the brief of counsel for appellant in support of any of its contentions in this case, and we ourselves have found none to sustain any of them. It is our conclusion, upon the undisputed facts in this case, that the court did not err in refusing the peremptory instruction, and, further, that the evidence was sufficient to warrant the jury's finding that appellant was guilty of an unreasonable delay in delivering these shingles to the railroad company for transportation to Cushing, and that, in consequence of such unreasonable delay, appellee was justified in canceling, as he did, the order, notwithstanding appellant's telegram notifying him that the shingles had finally been delivered to the railroad company at Joliet, Ill., on August 10th.

It is unnecessary to discuss any other contention made by appellant. We are of opinion that none of them can be sustained, and that the judgment should be affirmed, and it is so ordered.